Ray Scott, Director Arkansas Department of Human Services Donaghey Building, Suite 1300 Seventh and Main Streets Little Rock, Arkansas 72201
Dear Mr. Scott:
This letter is in response to your request for an interpretation of 42 U.S.C. § 300 X-4 (C-14), specifically, an opinion regarding the following two questions:
 1) Whether the proper interpretation of 42 U.S.C. § 300
X-4 (C-14) is to set aside 3% in fiscal year 1985 and any other fiscal year not less than 5% of the total Block Grant to provide new or expand on existing programs that provide alcohol and drug abuse services to women?
 2) If the answer to question No. 1 is yes, if the Office on Alcohol and Drug Abuse Prevention can demonstrate that 20.4% of the Federal Block Grant is used for services to women, is that factor alone sufficient to comply with the provisions of the Act?
You quote an amendment to Alcohol, Drug Abuse, and Mental Health Services Block Grant of the Public Health Services Act (1984 as follows:]
 (14) . . . of the amount allocated to a State under this part in any fiscal year, the State agrees to use not less than 5% of such amount to initiate and provide new alcohol and drug abuse services for women.
In 1985 Public Law 99-117 was passed, with the following pertinent amendment:
 (14) . . . of the amount allocated to a State under this part in any fiscal year, the State agrees to use (a) in fiscal year 1985, not less than 3% of such amount; and (b) in any other fiscal year, not less than 5% of such amount, to initiate and provide new or expanded alcohol and drug abuse services for women.
As you point out in your letter Public Law 99-117 was passed in 1985 by Congress to resolve the conflict between the House/Senate Conference Report explanation of Section 14 of the Act and the language of the 1984 amendment quoted above.
It would appear that your first question would be the correct response to the 1985 amendment which is an expansion and explanation of the earlier 5% allocation. You should be aware that this 5% requirement is noncumulative and uses fiscal year 1984 as the base year. You may use the 5% allocation to provide new or expand existing programs that serve women. You also may use the 5% allocation to maintain the funding of programs begun or expanded since fiscal year 1984. Enclosed is a copy of page S12093 from the September 25, 1985 Congressional Record which clearly supports this interpretation.
In response to the second question the answer must be no. To demonstrate that only 20.4% of the grant is used for services to women is not sufficient. This section requires that the funds be used to develop new or expand existing programs for women. If the cost of services provided to women in fiscal year 1986 is more than the cost of services provided to women in fiscal year 1984 by an amount equal to 5% of the grant, this would satisfy the "expanded services" requirement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Charles R. Lucus.